UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cornelius Richard Richmond, #B-1180819353, *a/k/a Cornelius R. Richmond*, | ) | C/A No. 8:08-3173-MBS-BHH |
| | ) | |
| Plaintiff, | ) | Report and Recommendation |
| | ) | |
| vs. | ) | |
| | ) | |
| Mrs. Dianne Pieterse, Detective, Myrtle Beach Police Department; Mr. Freddy Sanchez; Mr. Lazaro Perez; Mrs. Elizabeth Sanchez; Mr. Emiliano Vega; Mr. Matilde Cruz, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Introduction

The plaintiff, Cornelius Richmond, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is a pre-trial detainee at the J. Reuben Long Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names a detective with the Myrtle Beach Police Department as a defendant.[2]  The plaintiff claims that his Fourth Amendment rights are being violated because he is falsely imprisoned and that the defendants have slandered his name in public by falsely accusing him of committing a crime.  Plaintiff seeks $1.5 million in damages.  The complaint should be dismissed without prejudice as to defendants Freddy Sanchez, Lazaro Perez, Elizabeth

_____

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Sanchez, Emiliano Vega, and Matilde Cruz for failure to state a claim upon which relief may be granted, absolute immunity, and frivolousness.[3]

### _Pro Se_ Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the _pro se_ complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: _Denton v. Hernandez_, 504 U.S. 25 (1992); _Neitzke v. Williams_, 490 U.S. 319, 324-25 (1989); _Haines v. Kerner_, 404 U.S. 519 (1972); _Nasim v. Warden, Md. House of Corr._, 64 F.3d 951 (4th Cir. 1995) (_en banc_); _Todd v. Baskerville_, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Section 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  _Denton v. Hernandez_, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed _sua sponte_. _Neitzke v. Williams_, 490 U.S. 319 (1989); _Allison v. Kyle_, 66 F.3d 71 (5th Cir. 1995).  Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a

---

[3] Contemporaneously with this report and recommendation, the court enters an order which authorizes service of process against the defendant Dianne Pieterse.

governmental entity or officer or employee of a governmental entity," here detective Dianne Pieterse. *See* 28 U.S.C. § 1915A(a).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam).* Even under this less stringent standard, however, portions of the *pro se* complaint are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Discussion</u>

The plaintiff alleges that defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz "are all bring sued for falsely accusing me of the said crime(s) I am being held on and for slandering my name also to authorities." Complaint at 3. Although the facts are very sparse, the court gleans from the complaint that most likely Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz are witnesses to, or victims of, a state crime(s) related to a robbery. Each of

3

these named defendants is not alleged to be law enforcement or otherwise employed by a governmental entity.  Apparently, each of these private citizen defendants has named or identified the plaintiff as the perpetrator of a certain state crime(s).  When construing the plaintiff's complaint liberally in his favor, it appears that he intended to sue the defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz each in his or her individual capacity.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In *Hall v. Quillen*, 631 F.2d at 1154, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity.  Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this under § 1983 if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980).  *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").  Because there are no facts which tend to show that defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz have acted under color of state law, this case fails to state a claim under 42 U.S.C. § 1983, and the defendants are entitled to summary dismissal.

4

In limited circumstances, a private entity defendant can act under color of state law for purposes of § 1983. The Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action." *See Conner v. Donnelly*, 42 F.3d 220, 223 (4th Cir. 1994). "First, a private party that is regulated by the state acts under color of state law where there is a ' sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id. See also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). Second, "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state." *Conner v. Donnelly*, 42 F.3d at 224. Third, where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.'" *Id.* In this case, the plaintiff does not allege that Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz' private actions could be deemed state action nor does he allege any facts that would support that legal theory.

Moreover, it is well settled that a private witness in a state court proceeding cannot be sued for damages under 42 U.S.C. § 1983 because "it is clear that § 1983 did not abrogate the absolute immunity existing at common law . . . ." *Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983) ("The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law . . . . The plaintiff could not recover even if the witness knew the statements were false and made them with malice."). *See also Brice v. Nkaru*, 220 F.3d 233, 239 n.6 (4th Cir. 2000). Therefore, the plaintiff's § 1983 claim should also be dismissed against defendants

5

Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz based upon absolute witness immunity.[4]

To the extent that the plaintiff may be alleging a state law tort claim for slander against defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz, this court should dismiss the claim *without prejudice* as legally frivolous because witnesses in judicial proceedings are protected by absolute immunity from this type of claim attempted by the plaintiff. In South Carolina, the courts recognize the common law absolute privilege that protects utterances arising out of a judicial proceeding and having any relation to it from being sued upon as defamatory. *Pond Place Partners, Inc. v. Poole*, 567 S.E.2d 881, 892-97 (S.C. Ct. App. 2002). The privilege protects statements by judges, parties, and witnesses. *Id. See Griffin v. Walker*, No. 1:04CV00918, available at 2006 WL 2023148 at *3 (M.D.N.C. 2006) (finding that the tort claim for damages against a private citizen Walker, who had identified the plaintiff as the culprit in a robbery which was being prosecuted in state court, should be summarily dismissed as frivolous due to witness immunity). *Cf. Mangold v. Analytic Serv., Inc.*, 77 F.3d 1442, 1446-50 (4th Cir. 1996) (holding that absolute immunity from a state law tort suit seeking damages applied "to shield statements and information, whether truthful or not, given by a government contractor and its employees in response to queries by government investigators engaged in an official investigation."). By dismissing the defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz *without*

---

[4] "This absolute privilege applies only to damages liability; lay and official witnesses remain subject to prosecution for perjury ... if they knowingly make false statements in court." *Crawford v. Abrams*, No. 0:06-1990-TLW-BM, *available at* 2007 WL 2934904 at *3 n.3 (D.S.C. 2007).

*prejudice*, the plaintiff will have the opportunity to bring any appropriate state law claims against them in state court.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process against defendants Freddy Sanchez, Lazaro Perez, Elizabeth Sanchez, Emiliano Vega, and Matilde Cruz.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

                                                            s/Bruce Howe Hendricks
                                                            United States Magistrate Judge
September 23, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).