IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Cornelius Richard Richmond<br>#B-1180819353, a/k/a Cornelius<br>R. Richmond, | )<br>)<br>)<br>) | Civil Action No. 8:08-3173-MBS-BHH |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |
| Mrs. Dianne Pieterse, Detective, Myrtle<br>Beach Police Department, | )<br>)<br>) | |
| Defendant. | )<br>) | |

The plaintiff, a state pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment. [Doc. 20.] The plaintiff claims that his Fourth Amendment rights were violated when he was arrested for Armed Robbery, Burglary (1st Degree), and Possession of a Weapon During a Violent Crime. The Court has construed the plaintiff's Complaint as essentially pleading a false arrest/imprisonment claim and one for malicious prosecution. He has also pled a state law slander claim.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## FACTS PRESENTED

The plaintiff was arrested for violating S.C. Code Ann. § 16-11-311 (burglary, first degree), S.C. Code Ann. § 16-11-330 (armed robbery), and S.C. Code Ann. § 16-23-490 (possession of firearm during commission of violent crime). (Pieterse Decl. ¶¶ 11, 13.) Those charges are still pending, and the plaintiff is a pre-trial detainee at J. Reuben Long Detention Center, awaiting trial.

The defendant, Dianne Pieterse, is a detective with the Myrtle Beach Police Department. On January 13, 2008, at around 8:00 p.m., she received a telephone call in reference to a home invasion that had just occurred at 606 Withers Swash Drive, Myrtle Beach. *Id.* ¶ 3. At the residence, the defendant took statements from several of the victims, including a Freddy Sanchez, Elizabeth Sanchez, Valerie Sanchez, and Lazaro Perez. *Id.* ¶¶ 4, 5, 6.

It was generally alleged that two males walked into the home without permission, both pointed guns at the victims, and told them to get down on the floor and give the intruders their money. *Id.* Valerie Sanchez was in another room. When she opened the door, the intruders fled. *Id.*

The plaintiff was later identified, in a photographic lineup, by Freddy and Valerie Sanchez as the taller of the two intruders. *Id.* ¶ 8, 9. Prior to that photo identification, the taller intruder had been described as wearing black tennis shoes, blue jeans, a white and black shirt with black on the sleeves, and nylon stockings over his face. *Id.* ¶ 6.

Subsequent to the break-in, the plaintiff was arrested a short distance from the residence on an unrelated trespassing charge. *Id*. ¶ 10. While in custody for that offense, the defendant conducted the photo-lineup and obtained a warrant based on the same. *Id*. ¶ 11.

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**I.**    ***Heck v. Humphrey***

The defendant first contends that the plaintiff's case should be dismissed pursuant to the United States Supreme Court's instruction in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). When a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his state-court conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already

4

been invalidated. *See Heck*, 512 U.S. at 486-87; *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008).

The rule in *Heck*, however, does not apply in the pre-conviction context, where criminal charges are still pending, as is the case here. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007). It is undisputed between the parties that the plaintiff has not been convicted. The United States Supreme Court declined to so extend *Heck* because to do so would require the Court to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." *Id.*

Instead, the Supreme Court stated that it is "common practice" for the district court to stay the matter, within its discretion:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See id.*, at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Id*. The stay is necessary because the Court in *Wallace* also held that the statute of limitations on any claims the plaintiff may have for false arrest, is not tolled during the

5

pendency of the criminal proceedings. *Id*. at 397. "We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id*. Accordingly, a plaintiff may lose any cause of action he might have, if the Court were simply to refuse the case until such time as the state criminal proceeding is terminated.

As a result, the Court would recommend that the whole matter be stayed pending the plaintiff's criminal conviction. *See, e.g., Gallipeau v. Mitchell*, 2009 WL 539947, at *6 (D.S.C., March 4, 2009). (citing *Wallace v. Kato* and stating, "It is further recommended that this action be stayed pending resolution of the criminal charges in United States v. Gallipeau").

## II. False Arrest and Malicious Prosecution Claims

In the event the district court declines the recommendation concerning *Heck* and *Wallace*, the undersigned would recommend dismissal on the merits. While not fully clear, between his Complaint and his response to summary judgment, the plaintiff appears to plead both a claim for false arrest/imprisonment and malicious prosecution. The Court will address each in turn.

### A. False Arrest/Imprisonment

A claim that a warrantless arrest is not supported by probable cause constitutes a claim of false arrest or false imprisonment. *See Brooks v. City of Winston-Salem*, 85 F.3d

6

178, 181 (4th Cir.1996). Therefore, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks*, 85 F.3d at 181. It is undisputed that the plaintiff's arrest was made pursuant to a facially valid warrant. (See Pieterse Decl. ¶ 11; Pl. Resp. at 2.) In other words, the arrest was pursuant to a warrant and not *warrantless*. No facial deficiency with the warrant is alleged. The plaintiff has not challenged either the fact that a warrant was issued for his arrest or the specific contents of that warrant. In fact, he has confirmed that a warrant was so issued and that he was arrested pursuant to it. (Pl. Resp. at 2.) At most, therefore, the plaintiff can allege only "a cause of action for malicious prosecution" based on an alleged lack of probable cause for issuing the warrant in the first instance. *Porterfield*, 156 F.3d at 568; *see also Brooks*, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

### B. Malicious Prosecution

To prevail on a claim for malicious prosecution, the plaintiff must demonstrate that the defendant did not have probable cause to issue the arrest warrant. *See id*. In his response to summary judgment, the plaintiff alleges that the lineup identification, which formed the probable cause basis for the issuance of the warrant for his arrest, was a sham. Specifically, he contends that eye witnesses that identified him indicated in prior

statements that the plaintiff was wearing a dark colored nylon face mask.  The fact that the plaintiff was identified as having worn a nylon mask of some kind is not in dispute.  The plaintiff argues that it would be impossible for the witnesses to have identified him in the subsequent photo-lineup if he had been wearing a woman's nylon or some other mask at the time of the alleged assault.

The fact that the plaintiff may have been wearing a nylon or pantyhose over his head at the time of the robbery, however, is not dispositive of whether the photo lineup could reasonably establish probable cause.  *See Lynn v. Christner*, 184 Fed. Appx. 180, 184 (3rd Cir. 2006).  In *Lynn*, the Third Circuit, upheld the dismissal of a false arrest case, where the plaintiff-assailant had been identified by the victim, notwithstanding the fact that the plaintiff-assailant was wearing a "dark mask covering everything but his eyes and a small amount of his hair," at the time of the attack.  *Id*.  The court found that the witness stated that the plaintiff had the "same build and height, and had the same hair and eyes and the same distinctive voice, as the robber."  *Id*.

Here, two separate and sequestered eyewitnesses independently identified the plaintiff.  (Pieterse Decl. ¶¶ 8-9.)  The identifications were both made in "less than a minute." *Id*.  Moreover, one of the witnesses had previously stated that the assailant was wearing a striped, white and black or dark colored shirt.  *Id*. ¶ 9.  The plaintiff was wearing that type of shirt in the photograph used in the lineup.  *Id*.  Additionally, the plaintiff was arrested on trespass charges only a few hours after the assault and a few blocks away

8

from its location. *Id*. ¶¶ 7, 10. As in *Lynn*, all of these circumstances appropriately "validate[d] the probable cause that already existed in the officers' minds." *Lynn v. Christner*, 184 Fed. Appx. at 184.

Probable cause exists when "facts and circumstances . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (quotations omitted). Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict. *Id*. "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Id*. And when it is considered in the light of all of the surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause. *Id.*

Contrary to the plaintiff's protestation, probable cause did not exist, here, simply because he was arrested on an unrelated charge, nearby the location of the alleged assault. The eyewitnesses observed the plaintiff and specifically what he had worn. It is arguable that the nylon allowed for greater facial identification than the dark mask, at issue in *Lynn*. The witnesses identified the plaintiff unequivocally and within a short period of time. These identifications coupled with the plaintiff's proximity, in time and geography, seem more than enough to establish probable cause for the warrant. The plaintiff has not created any issues of fact as to these events, established by the defendant's evidence.

The Court would recommend dismissal of both the plaintiff's false arrest/imprisonment and malicious prosecution claims, to the extent a merits analysis is reached.

## III. State Law Defamation Claim

If the district court is inclined to dismiss the plaintiff's federal claims against the defendant, the Court would further recommend that the district court decline to exercise jurisdiction over the plaintiff's state law claim for defamation. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") In other words, it would be recommended that the defamation claim be dismissed *without prejudice*.

Otherwise, the matter should simply be stayed with the remainder of the case.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment [Doc. 20] be DENIED and that the case be STAYED during the pendency of the plaintiff's state court criminal proceedings. In the alternative, if the case is not stayed, it is recommended that the Defendant's Motion for Summary Judgment be GRANTED and the plaintiff's 42 U.S.C. § 1983 claim be dismissed *with prejudice* and his defamation claim dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 31, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).