N THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Cornelius Richard Richmond, | ) Civil Action No.: 8:08-3173-HMH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Myrtle Beach Police Department, | ) |
| Defendant. | ) |

The pro se Plaintiff filed this civil rights action alleging various constitutional violations pursuant to 42 U.S.C. § 1983. Before the court is the Defendant's Motion for Summary Judgment. (Dkt. # 56.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under § 1983, and submit findings and recommendations to the District Court.

On August 5, 2010, the Defendant filed a Motion for Summary Judgment. (Dkt. # 56.) On August 6, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 59.) On August 19, 2010, the Plaintiff filed a response opposing the Defendant's Summary Judgment Motion. (Dkt. # 64.)

**Procedural History**

When the Plaintiff filed this action for false arrest, malicious prosecution, and slander, on September 17, 2008, he was a pre-trial detainee awaiting trial on the underlying state criminal charges. (Dkt. # 1 - Compl.) One of the Defendants named in the original complaint, Detective Dianne Pieterse, filed a motion for summary judgment (Dkt. # 20), and

on July 31, 2009, the undersigned filed a report and recommendation, recommending the District Court Judge deny Pieterse's summary judgment motion and stay the case during the pendency of the Plaintiff's underlying state criminal prosecution. (Dkt. # 33.) On August 27, 2009, the Honorable District Court Judge Margaret B. Seymour adopted the recommendation and stayed the case until the underlying state court criminal charges could be adjudicated. (Dkt. # 42.) Recently, the Plaintiff was found not guilty of the state criminal charges. (Dkt. # 47; Def.'s Mem. Supp. Summ. J. Mot. at 2 & Attach. # 2 - Decl. Of Bradley Richardson ¶ 8.) On June 11, 2010, the stay of this action was lifted (Dkt. # 47), and on August 5, 2010, the MBPD filed a motion for summary judgment. (Dkt. # 56.)

In his original complaint, the Plaintiff named Detective Pieterse and the Myrtle Beach Police Department ("MBPD") as defendants. (Dkt. # 1- Compl.) However, after the Defendant Pietrese filed her motion for summary judgment, the Plaintiff filed an amended complaint. (Dkt. # 36 - Am. Compl.) In his Amended Complaint the Plaintiff specifically named only the Myrtle Beach Police Department because he stated that "Detective Mrs. Dianne Pieterse . . . may not be sued individually" and, under the South Carolina Tort Claims Act, he could only sue the MBPD. (Am. Comp. at 3.)[1]

In his Amended Complaint, the Plaintiff alleges the Defendant the MBPD violated his constitutional rights by arresting and prosecuting him without probable cause for armed robbery, first degree burglary, and possession of a weapon during a violent crime. The Plaintiff's specifically alleges he is bringing claims of false arrest/imprisonment and malicious prosecution, and a state law claim of slander. He is seeking actual and punitive damages. (Am. Compl. at 5.)

---

[1] This was one of the arguments made by Pieterse in her motion for summary judgment. (Dkt. # 20.)

**Underlying Facts**

On January 13, 2008, at around 8:00 p.m., Pieterse, a detective with the MBPD, received a telephone call about a home invasion that had just taken place in Myrtle Beach. (Def.'s Mem. Supp. Summ. J. Mot. Attach. # 2 - Pietrese Decl. ¶ 3.) Pieterse went to the home and took statements from several of the victims, including Freddy Sanchez, Elizabeth Sanchez, Valerie Sanchez, and Lazaro Perez. *Id.* ¶¶ 4, 5, 6. The victims generally stated that two males had walked into the home without permission, pointed guns at them, and ordered them to get down on the floor and give them their money. *Id.* Valerie Sanchez stated that she was in a bedroom when the incident began and that, after she opened the door and saw the intruders, she quickly closed the door and called 911. *Id.* She stated when she came out of the bedroom, the intruders were gone. *Id.* Subsequent to the break-in, the Plaintiff was arrested a short distance from the residence on an unrelated trespassing charge. *Id.* ¶ 10.

While in custody for that offense, Pietrese conducted a photo-lineup with the Plaintiff's photo and he was identified by two of the victims, Freddy and Valerie Sanchez. Pietrese then obtained an arrest warrant for the Plaintiff. (Def.'s Mem. Supp. Summ. J. Mot. Attach. # 2 - Pietrese Decl. ¶ 11.) [2]

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[2] Elizabeth Sanchez stated that she had kept her head down and had not seen the intruders' faces. *Id.* Apparently, the fourth victim, Perez, had not gone to the police station.

3

> there is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the nonmoving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION[3]

As noted above, in his Amended Complaint, the Plaintiff's specifically alleges he is bringing claims of false arrest/imprisonment and malicious prosecution, and a state law claim of slander. The Defendant contends these claims should be dismissed.

**False Arrest/Imprisonment Claims**

The Plaintiff alleges he was falsely arrested and imprisoned. At the outset, the court notes that a distinction has been drawn between a claim for false arrest and one for malicious prosecution. The distinction is based on whether or not an allegedly unlawful arrest was made pursuant to an arrest warrant. As the Fourth Circuit recently stated:

> As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, wrongful warrantless arrests typically resemble the tort of false arrest.

*Dorn v. Town of Prosperity*, 2010 WL 997175 (4th Cir. March 18, 2010). Therefore, a false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir.1996) (holding that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant). It is undisputed that the Plaintiff's arrest was made pursuant to a facially valid warrant, and the plaintiff has not alleged any facial deficiency with the warrant. At most, therefore, the Plaintiff can allege only a cause of action for malicious prosecution based on an alleged lack of probable cause for issuing

---

[3]The undersigned has construed the claims alleged in the Plaintiff's Amended Complaint for false arrest and malicious prosecution as federal causes of action as the Plaintiff specifically stated in his motion to amend his complaint that his fourth amendment rights have been violated and he "requested that this action be construed as one in which the defendant is sued under 42 U.S.C. § 1983." (Dkt. # 31- Mot. to Am. Compl. at 2.) However, as the Defendant notes, these claims are also readily available at the state level. See *Thomas v. Colonial Stores, Inc.*, 113 S.E.2d 337 (1960).

5

the warrant in the first instance. *See Dorn*, 2010 WL 997175 (holding that "We follow the South Carolina rule that there can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant."). Thus, the plaintiff's false arrest claim should be dismissed. The Plaintiff's malicious prosecution claim is discussed below.

**Malicious Prosecution Claim**

The Fourth Circuit has considered a malicious prosecution claim as "simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution-specifically, the requirement that the prior proceeding terminate favorably to the plaintiff." *Gantt v. Whitaker,* 57 F. App'x 141, 146 (4th Cir.2003) (citation omitted). Therefore, in order for a plaintiff to state a malicious prosecution claim for a seizure violative of the Fourth Amendment, he must establish that 1) the defendants "seized plaintiff pursuant to legal process that was not supported by probable cause and 2) that the criminal proceedings have terminated in plaintiff's favor." *Burrell v. Virginia,* 395 F.3d 508, 514 (4th Cir.2005) (internal quotation and alterations omitted). Here, the Plaintiff has met the second element by demonstrating that the criminal proceedings against him were terminated in his favor. Therefore, the only issue is whether or not there was probable cause to seek a warrant for the Plaintiff's arrest.

Probable cause exists when "facts and circumstances . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir. 1998) (quotations omitted). Probable cause requires more than "bare suspicion" but requires less than evidence necessary to convict. *Id.* "It is an objective standard of probability that reasonable and prudent persons apply in everyday life." *Id*. Furthermore, in determining whether probable cause exists, all of the

6

surrounding circumstances, even "seemingly innocent activity" may provide a basis for finding probable cause. *Id.*

Here, two of the victims independently identified the Plaintiff as the perpetrator. (Def.'s Mem. Supp. Summ. J. Mot. Attach # 1 - Pieterse Decl. ¶¶ 8-9.) The identifications were both made in "less than a minute." *Id.* Moreover, one of the witnesses had previously stated that the assailant was wearing a striped, white and black or dark colored shirt. *Id.* ¶ 9. The Plaintiff was wearing that type of shirt in the photograph used in the lineup. *Id.* Additionally, the Plaintiff was arrested on trespass charges only a few hours after the assault and a few blocks away from its location. *Id.* ¶¶ 7, 10. In light of all of the circumstances, probable cause existed to prosecute the Plaintiff.

Moreover, even assuming arguendo that the Plaintiff suffered a deprivation of his constitutional rights, the MBPD is the only named defendant in this action and the MBPD would only be liable under § 1983 if it caused such a deprivation through an official policy or custom. *Carter v. Morris,* 164 F .3d 215, 218 (4th Cir.1999) (*citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). Here, the Plaintiff, however, has failed to identify any policy or custom that caused a constitutional violation, or other deprivation of the Plaintiffs' rights. *Torchinsky v. Siwinski*, 942 F.2d 257, 259 (4th Cir.1991)(holding plaintiffs cannot recover under § 1983 against municipal employer where they fail to prove that a policy or custom of the municipality caused the alleged deprivation of their rights). To the contrary, the Plaintiff's claims fail to support a single constitutional violation, much less a policy, pattern, or custom of subjecting the Plaintiff to unconstitutional treatment. Accordingly, the Defendant should be granted summary judgment.

**State Law Claims**

If the district court dismisses the Plaintiff's federal claims against the defendant, the undersigned recommends that the district court decline to exercise jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

IT IS SO RECOMMENDED.

                s/Bruce Howe Hendricks
                United States Magistrate Judge

October 27, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**