IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cornelius Richard Richmond,   )
             ) C/A No. 8:08-3173-MBS
     Plaintiff,   )
             )
  vs.        )
             )  **O R D E R**
Myrtle Beach Police Department,  )
             )
     Defendant.   )
             )

At the time of filing of the complaint, Plaintiff Cornelius Richard Richmond was a pretrial detainee housed at the J. Reuben Long Detention Center in Conway, South Carolina. Plaintiff, appearing pro se, filed the within action on September 17, 2008, alleging that his Fourth Amendment rights were violated in connection with his arrest. Plaintiff also alleges state law claims for slander, false arrest, and malicious prosecution.

Plaintiff originally brought his complaint against Detective Dianne Pieterse, Freddy Sanchez, Lazoro Perez, Elizabeth Sanchez, Emiliono Vega, and Matilde Cruz   Defendants Sanchez, Perez, Sanchez, Vega, and Cruz were summarily dismissed by order filed October 17, 2008.   Defendant Pieterse filed a motion for summary judgment on February 12, 2009, in which she asserted that Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1997) (prohibiting recovery for damages under § 1983 for allegedly unconstitutional conviction, absent proof that conviction has been invalidated). On July 31, 2009, the action was stayed during the pendency of Plaintiff's state court criminal proceedings.

On June 22, 2009, Plaintiff filed a motion to amend complaint in which he informed the court that he wished to name Myrtle Beach Police Department as Defendant, as required by the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-70(a). Plaintiff's motion was granted on

July 31, 2009. Plaintiff filed an amended complaint on August 7, 2009. Plaintiff stated in his complaint that he was attempting to litigate claims of "(1) false arrest/imprisonment; (2) for malicious prosecution and also I am pleading a state law slander claim." ECF No. 36, 2. On June 11, 2010, the stay was lifted after Plaintiff notified the court that the underlying criminal proceedings had terminated in his favor.

This matter now is before the court on motion for summary judgment filed by Defendant Myrtle Beach Police Department on August 5, 2010. On August 6, 2010, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant's motion on August 19, 2010.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation on October 27, 2010 in which she noted, among other things, that Defendant would be liable under 42 U.S.C. § 1983 only if it caused a deprivation of Plaintiff's constitutional rights through an official policy or custom. The Magistrate Judge found no support in the record for an official policy or custom that caused any alleged constitutional deprivation. Therefore, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and that the court decline to exercise jurisdiction over Plaintiff's state law claims. Plaintiff filed objections to Report and Recommendation on November 8, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections read as follows:

Dear United States District Court, I the defendant Mr. Cornelius Richmond is a pro se litigant indegent individual who filed a civil action against the Myrtle Beach police department for false arrest/imprisonment claim, malicious prosecution claim and common law slander. This is my response to the courts.

ECF No. 70.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. The court concurs in the Magistrate Judge's recommendation that Defendant's motion for summary judgment (ECF No. 56) be **granted** as to any constitutional allegation against Defendant and that the court decline to exercise jurisdiction over Plaintiff's state law causes of action. Plaintiff may assert his claims under the South Carolina Tort Claims Act in state court within thirty days as provided by 28 U.S.C. § 1367(d), unless state law provides for a longer tolling period. The court expresses no opinion as to the merits of Plaintiff's state law claims.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
November 19, 2010.